UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

HOWARD G. BAKER and
FANNIE M. BAKER,

        No. 09-12997 t13

    Debtors.

HOWARD G. BAKER and
FANNIE M. BAKER,

    Plaintiffs,

v.        Adv. No. 11-1131

THE BANK OF NEW YORK
MELLON AS TRUSTEE, and
VANDERBILT MORTGAGE AND
FINANCE, INC.,

    Defendants.

**MEMORANDUM OPINION ON DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on defendants' Motion for Judgment on the Pleadings, filed November 3, 2011 (the "Motion"), the plaintiffs' response thereto, filed January 2, 2012 (the "Response"), and the defendants' reply in support of the Motion, filed January 11, 2012 (the "Reply").

This is a core matter, and the Court may enter a final order. The Court received and reviewed briefs of the parties in support of their positions. The Court has considered the matter and has made an independent inquiry into applicable case law. Being sufficiently advised, the

Court hereby issues the following Memorandum Opinion. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

Plaintiffs filed this Chapter 13 case on July 10, 2009, and filed this adversary proceeding on August 16, 2011. The pending case is the third bankruptcy case filed by the plaintiffs. Plaintiffs filed their first case, a Chapter 7 case, on April 4, 2005, and obtained a discharge on August 1, 2005. Plaintiffs then filed a Chapter 13 case on August 22, 2005, which was dismissed February 10, 2009.

## PLAINTIFFS' ALLEGATIONS

In the adversary proceeding, plaintiffs seek money damages for alleged wrongs committed by defendants in connection with a mortgage on plaintiffs' mobile home and real property. For the purposes of ruling on the Motion only,[1] the Court assumes that the following (somewhat paraphrased) allegations in the plaintiffs' complaint are true:

> 1. On or about October 27, 1997, plaintiffs executed and delivered an $85,748.61 promissory note, at a 9% fixed rate of interest, to Oakwood Acceptance Corporation ("Oakwood").
>
> 2. As collateral for the note, plaintiffs executed a mortgage in favor of Oakwood on their real property and a 1998 Golden West mobile home.
>
> 3. The note and mortgage were assigned to defendant Bank of New York Mellon, as trustee, with defendant Vanderbilt Mortgage and Finance, Inc. ("VMF") as the servicer.
>
> 4. The note calls for monthly payments of $689.95. Plaintiffs made all payments as required.
>
> 5. On or about April 13, 2004, Oakwood notified plaintiffs in writing that the servicing of the loan had been transferred to VMF. Oakwood's letter also advised plaintiffs that VMF would provide them with a payment coupon book. The plaintiffs never received this coupon book.

---

[1] See the discussion of Fed.R.Civ.P. 12(c) below.

6. On or about May 24, 2004, plaintiffs sent check #6050, in the amount of $720, to VMF in payment of the May 2004 installment due. VMF refused to accept the payment.

7. Thereafter the plaintiffs attempted to make payments to VMF by other means. The plaintiffs sent the May payment and additional payments, after being instructed to do so, by certified mail. For unknown reasons, these payments were also returned to the plaintiffs.

8. In August 2004, VMF filed a foreclosure action. VMF ultimately obtained a summary judgment against the plaintiffs and a foreclosure sale was set for August 23, 2005.

9. After the foreclosure was initiated, the plaintiffs filed the bankruptcy cases outlined above to save their home and to dispute the "arrearage" of the debt owed to VMF.

10. VMF has been ordered several times to provide a payment history to the plaintiffs, by both a state district court and this Court.

11. After numerous requests, some sort of itemized statement was provided to the plaintiffs on or about October 28, 2008 by defendants' counsel. Another transactional history was produced by VMF on June 29, 2009.

12. Neither of these loan histories dated back to the inception of the loan.

13. It was only after these loan histories were produced in 2008 and 2009 that the plaintiffs finally learned that the entire problem was a result of inaccurate information regarding the loan status provided to VMF by Oakwood upon transfer of the loan servicing.

14. VMF failed to investigate and properly correct the error.

15. As a result, the plaintiffs have expended an enormous amount of money, time, effort and mental anguish in their fight to maintain and keep their primary residence.

Based on the allegations, plaintiffs asserted claims against the defendants for breach of contract, including breach of the implied covenant of good faith and fair dealing; violation of New Mexico's Unfair Trade Practices Act; and intentional infliction of emotional distress.

## THE MOTION AND THE RESPONSE

By the Motion, defendants seek to dismiss plaintiffs' claims pursuant to Fed.R.Civ.P. 12(c), arguing that the claims are barred by applicable statutes of limitation. Motion, p. 3. For example, plaintiffs' first claim is for breach of contract. Arguably, the first alleged breaches occurred in May, 2004. Under New Mexico's six year statute of limitations for claims based on written contracts, the statute could have run in May, 2010. The statutes for the other two claims could have run even sooner.

Plaintiffs respond to the Motion with three arguments. First, they assert that the applicable statute of limitations was tolled by 11 U.S.C. §108(a) until July 10, 2011 (i.e. two years after the petition date). They also assert that the "gap" between July 10, 2009 and the complaint filing date of August 16, 2012 was explicitly or tacitly agreed to by defendant, so the complaint was timely. Response, p. 1.

Second, plaintiffs argue that the applicable limitations periods were extended by the doctrine of equitable tolling. Response, pp. 1-3.

Finally, plaintiffs argue that the defendants are incorrect about when the limitations period began to run, and that the alleged wrongful conduct triggering the claims occurred much later than May, 2004, perhaps as late as October 28, 2008. Response, p. 4.

RULE 12(c) STANDARDS

The Motion is brought under Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(c). Rule 12(c) provides: "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."

Rule 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute. *See Kruzitis v. Okuma Mach. Tool, Inc.,* 40 F.3d 52, 54 (3rd Cir. 1994) ("Under Rule 12(c), we will not grant judgment on the pleadings unless the movant clearly

-4-

establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.") (internal quotation marks omitted); *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.,* 442 F.3d 1239, 1244 (10th Cir. 2006) (a "[j]udgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"); *Ramirez v. Wal-Mart Stores, Inc.,* 192 F.R.D. 303, 304 (D.N.M. 2000) ("Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice."). *See generally Selman v. Delta Airlines*, 2008 WL 6022017, at *7 (D.N.M. 2008) (thorough discussion of general Rule 12(c) principles).

The same standards that govern a motion to dismiss under Rule 12(b)(6) also govern a motion for judgment on the pleadings under Rule 12(c). *See Atl. Richfield Co. v. Farm Credit Bank,* 226 F.3d 1138, 1160 (10th Cir. 2000). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991), cert denied, 504 U.S. 912 (1992)

Courts ruling on Rule 12(c) motions should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park*

*Univ. Enterprises, Inc.*, 442 F.3d at 1244. The court must view the facts presented in the pleadings, and draw the inferences therefrom, in the light most favorable to the nonmoving party. *Ramirez,* 192 F.R.D. at 304. All of the nonmoving parties' allegations are deemed to be true, and all of the movants' contrary assertions are taken to be false. *Nat'l Metro. Bank v. United States,* 323 U.S. 454, 456-57, 65 S. Ct. 354, 89 L. Ed. 383 (1945); *Ramirez v. Dep't of Corr.,* 222 F.3d 1238, 1240 (10th Cir. 2000); *Freeman v. Dep't of Corr.,* 949 F.2d 360, 361 (10th Cir. 1991).

If the basis for a defendant's Rule 12(c) motion is that the claim is precluded by an applicable statute of limitations, but there are material disputed facts that could undermine the statute of limitations defense, the motion should be denied. *See Accardi v. United States*, 356 F. Supp. 218, 222 (S.D.N.Y. 1973) (Rule 12(c) motion denied because there were fact issues concerning statute of limitations defense); *Tamayo v. Hamer*, 256 F.R.D. 175 (N.D. Ill. 2009) (same); *Southwestern Bell Telephone Co. v. Iverson*, 2012 WL 652040 (N.D. Tex. 2012) (same).

## DISCUSSION

1.  <u>Plaintiffs' §108(a) Argument</u>. There are unresolved fact issues regarding defendants' statute of limitations defense and plaintiffs' assertion that 11 U.S.C. §108(a) tolled some or all of the limitations periods, making the claims timely. Section 108(a) provides:

> If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
> (1) the end of such period, including any suspension of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) two years after the order for relief.

The plaintiffs argue that some or all of the applicable limitations periods had not expired on the petition date (July 9, 2009), so the statutes did not expire until July 11, 2011. Response, p. 1. Furthermore, the plaintiffs argue that the defendants explicitly or tacitly agreed to an extension

of time between July 11, 2011 and the complaint filing date of August 16, 2011. Id. These assertions raise fact issues that prevent granting the Rule 12(c) Motion.

Defendants argue that a chapter 13 debtor does not get the benefit of §108. Reply, p. 4. The Court acknowledges the issue and has reviewed the case law. *Compare In re Ranasinghe*, 341 B.R. 556 (Bankr. E.D. Va. 2006) and *Roach v. Option One Mortg. Corp.*, 598 F.Supp.2d 741 (E.D. Va. 2009), *with In re McConnell*, 390 B.R. 170 (Bankr. W.D. Pa. 2008), *In re Johnson*, 2009 WL 2259088 (Bankr. S.D. Ill. 2009), and *In re Dawson*, 411 B.R. 1 (Bankr. D.D.C. 2008). The argument is not trivial. However, given the Court's ruling on the Motion, it is not necessary or appropriate to rule on the argument at this time.

2. <u>Plaintiffs' Equitable Tolling Argument</u>. Next, plaintiffs assert that under principles of equitable tolling, the applicable statutes of limitation[2] were tolled, so the complaint was timely. Response, pp. 1-2. The parties have not submitted evidence about whether New Mexico law applies to limitations issues, although both parties apparently assume it does.[3] If so, there is case law in New Mexico recognizing various equitable tolling principles.[4] If the laws of

---

[2] New Mexico's statute of limitations provides the following deadlines that may apply (although the Court does not hereby rule) to the asserted claims:
- written contract breach claims, six years (NMSA 1978, §37-1-3);
- violation of the Unfair Trade Practices Act, four years (§37-1-4); and
- intentional infliction of emotional distress, three (§37-1-8) or four years (§37-1-4).

[3] *See* the Response, p. 2 and the Reply, p. 2.

[4] There are a number of New Mexico cases relating to equitable or other tolling. *See, e.g. Southwestern Inv. Co. v. Cactus Motor Co.*, 355 F.2d 674, 677 (10th Cir. 1966) (fraudulent concealment of a cause of action tolls a statute of limitations); *Jones v. Ford Motor Co.*, 599 F.2d 394, 399 (10th Cir. 1979) (limitations period for tort claims commences on discovery of fraud or upon discovery of such facts as would, on reasonable diligent investigation, lead to knowledge of fraud); *Brown v. Behles & Davis*, 2004-NMCA-028, 135 N.M. 180, 86 P.3d 605, after remand 2004 WL 5000294 (same); *Porcell v. Lincoln Wood Products, Inc.*, 2010 WL 1541264, at *5 (D.N.M. 2010) (claim under New Mexico Unfair Practices Act accrued when buyer first knew or should have known of wrongful action); *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996) (discussing and recognizing the "continuing wrong doctrine" and equitable estoppel); *Martinez v. Martinez*, 2004-NMCA-007, ¶13, 135 N.M. 11, 14, 83 P.3d 298, 301 (in the context of a fiduciary relationship, party with superior knowledge has a duty to disclose material facts, and failure to do so tolls statute of limitations); *Village of Angel Fire v. Board of County Com'rs of Colfax County*, 2010-NMCA-038, ¶19, 148 N.M. 804, 809, 242 P.3d 371, 376 (discussing the application of the equitable estoppel doctrine to statutes of limitation); *Drummond v. Drummond*, 1997-NMCA-094, 123 N.M. 727, 732, 945 P.2d 457, 462 (party may be equitably estopped from asserting statute of limitations if that party's conduct has caused plaintiff to refrain from filing action). *Blea v. Fields,* 2005-NMSC-029, ¶20, 138 N.M. 348, 356, 120 P.3d 430, 438

another state apply to the equitable tolling issue, it seems very likely that such laws would include equitable tolling principles. Either way, there are fact issues concerning equitable tolling that require denial of the Motion.

       3.     <u>Plaintiffs' Argument About When the Statutes of Limitation Began to Run</u>. Finally, there are unresolved fact issues about when the applicable statutes of limitation began to run in this matter. As set forth above, plaintiffs argue that the complaint was timely because the statutes did not begin to run until October 28, 2008. If true, the complaint would be timely. Without ruling on the issue, the Court observes that there is case law support for the proposition that if there are multiple breaches of contract, each successive breach begins the running of the statute of limitations anew. *See Commercial Union Ins. Co. v. Porter Hayden Co.,* 116 Md. App. 605, 698 A.2d 1167, 1192 (1997), citing *Singer Co. v. B.G.&E.*, 79 Md. App. 461, 558 A.2d 419 (1989). *See also Dameron v. Sinai Hospital of Baltimore, Inc.,* 815 F.2d 975, 982 (4th Cir.1987); *Bulova Watch Co. v. Celotex Corp.,* 46 N.Y.2d 606, 612, 415 N.Y.S.2d 817, 389 N.E.2d 130, 133 (1979); *Indian Territory Illuminating Oil Co. v. Rosamond,* 190 Okla. 46, 120 P.2d 349, 351 (1941); *Airco Alloys Div., Airco, Inc. v. Niagara Mohawk Power Corp.,* 76 A.D.2d 68, 80, 430 N.Y.S.2d 179, 186 (1980); *Barker v. Jeremiasen,* 676 P.2d 1259, 1261-62 (Colo. App. 1984); *Sims v. Falvey,* 234 S.W.2d 465 (Tex.Civ.App. 1950). The Court does not rule on the legal issue, but does find that there are material disputed facts relevant to plaintiffs' argument, so the Motion must be denied.

## CONCLUSION

Based upon the arguments and assertions made by plaintiffs, the Court concludes that there are disputed facts in this matter. The case law cited above, and in particular the *Park Univ. Enterprises* and *Ramirez v. Wal-Mart* cases, require denial of the Motion in such an event.

(recognizing equitable estoppel doctrine in the statute of limitations context).

The Motion will be denied. This matter will be set for pre-trial discovery and trial on the merits. By denying the Motion, the Court is not ruling on the merits of the defendants' statute of limitations defense or any tolling or similar arguments plaintiffs' may assert with respect thereto.

This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed.R.Bankr.P. Appropriate orders will be entered.

                        Honorable David T. Thuma
                        United States Bankruptcy Judge

Entered on docket: September 27, 2012

Copies to:

R Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479
Attorney for Plaintiffs

Susan P Crawford
150 Washington Ave Suite 220
Santa Fe, NM 87501
Attorney for Defendants