UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

HOWARD G. BAKER and
FANNIE M. BAKER,

       No. 09-12997 t13

    Debtors.

HOWARD G. BAKER and
FANNIE M. BAKER,

    Plaintiffs,

v.       Adv. No. 11-1131

THE BANK OF NEW YORK
MELLON AS TRUSTEE, and
VANDERBILT MORTGAGE AND
FINANCE, INC.,

    Defendants.

## MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER

This matter is before the Court on The Bank of New York Mellon's and Vanderbilt Mortgage and Finance, Inc.'s (together, the "Defendants'") Motion for Leave to File Amended Answer, filed February 7, 2013 (the "Motion"). Plaintiffs responded February 24, 2013, and Defendants replied March 7, 2012. This is a core proceeding. For the reasons set forth below, the Court finds that the Motion should be granted.

I.    BACKGROUND

Plaintiffs filed this action against Defendants on August 16, 2011, alleging breach of contract, breach of the covenant of good faith and fair dealing, unfair trade practices

and intentional infliction of emotional distress. Defendants answered and asserted seven affirmative defenses.

The Court entered a Scheduling Order on October 11, 2012.[1]  Discovery closed on January 31, 2012.  Dispositive motions were due by February 21, 2013.  The parties timely submitted to the Court a proposed form of pre-trial order.

By the Motion Defendants seeks to add two affirmative defenses: res judicata and collateral estoppel.  Defendants assert that their predecessor in interest obtained a "Summary Judgment and Order of Foreclosure" on March 7, 2005 in the Third Judicial District, Dona Ana County, New Mexico, in an action styled *JPMorgan Chase Bank, as Trustee, v. Howard G. Baker and Fannie M. Baker*, no. CV-2004-1028 (the "State Court Action").  Defendants further assert that these defenses came to light in January 2013, when Plaintiffs took the deposition of Defendants' representative.

In support of the Motion, Defendants argue that the proposed new defenses would merely conform the answer to the existing facts; that there is no element of surprise because Plaintiffs had participated in the State Court Action; and that no additional discovery would be required.  Defendants also argue that their current counsel is the fourth firm to represent them in this dispute, as is the case with Plaintiffs' counsel.

Plaintiffs' Response focuses on the merits of the proposed new defenses. Plaintiffs argue that the "Summary Judgment" was in fact a default judgment, and therefor would have no preclusive effect under New Mexico law.  Plaintiffs also argue that they asked permission to file counterclaims in the State Court Action, but were not

---

[1] The Scheduling Order did not include a deadline or amend pleadings. Therefore, Fed.R.Civ.P. 16(b)(4)'s "good cause" standard is not relevant.

allowed to do so. For this reason also, Plaintiffs argue that neither res judicata or collateral estoppel should apply.

## II. LAW REGARDING AMENDMENTS

Federal Rule of Civil Procedure 15 deals with Amended and Supplemental Pleadings. Fed.R.Civ.P. 15(a) states:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> > (A) 21 days after serving it, or
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

In *Foman v. Davis,* 371 U.S. 178 (1962), the United States Supreme Court analyzed Fed.R.Civ.P. 15(a). The Court started by characterizing the purposes of the Federal Rules of Civil Procedure:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1.

*Foman*, 371 U.S. at 181-82. The Supreme Court then ruled:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal

> Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182.

The Tenth Circuit Court of Appeals interprets Rule 15(a) as providing litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006), quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). *See also Back v. ConocoPhillips Co.*, 2012 WL 6846397, at *10 (D.N.M. 2012) (the Tenth Circuit has held that trial courts should grant a plaintiff leave to amend when doing so would yield a meritorious claim).

The Court will examine the Motion in light of the *Foman* factors and other case law cited above, to determine if the proposed amendment should be allowed.

    A.    <u>Timeliness - Undue Delay</u>

Defendants assert that the facts prompting the two additional affirmative defenses were not discovered until January, 2013, shortly before the discovery deadline. They filed their motion on February 7, 2013, before the deadlines to file dispositive motions and exchange versions of the PTO. Although it does seem to the Court that fundamental issues such as res judicata and/or collateral estoppel should have been thought of before now, perhaps the failure to do so is understandable given the repeated change in counsel during this eight-year dispute. Overall, the Court does not believe that granting the

-4-

Motion would cause undue delay. This finding is bolstered by the fact that Defendants have already filed a motion for summary judgment based on the proposed new defenses, so the new issues raised should be ready for decision soon.

### B. Timeliness - Bad Faith Or Dilatory Tactics

On its face, the Motion does not suggest bad faith or dilatory tactics. It was filed promptly after Defendants' current counsel became aware of the potential defenses. It is not bad faith to attempt to assert those defenses now, even if arguably the Defendants should have been aware of, and asserted, the defenses long before now. Litigation such as the dispute between the parties can be complicated, and counsel can be forgiven for not thinking of everything when drafting initial pleadings. The dispute has been ongoing since early 2005. Plaintiffs allege that Defendants have been obstructive, but Defendants counter that Plaintiffs' three bankruptcy filings have caused the delay. Whoever may be to blame for any delay in this matter, if anyone, the Court does not believe the Motion was filed in bad faith or to further delay resolution of this matter.

### C. Failure To Cure Deficiencies By Amendments Previously Allowed

No prior amendments were sought or allowed. This factor is therefore not relevant.

### D. Undue Prejudice If Amendment Is Allowed

The Court agrees with Defendants that the proposed additional defenses should not surprise the Plaintiffs. The Plaintiffs were parties to the State Court Action and should be familiar with what transpired. Defendants assert that no further discovery is required, and Plaintiffs have not disputed this assertion. Furthermore, in their Response

Case 11-01131-t    Doc 42    Filed 03/27/13    Entered 03/27/13 10:17:21 Page 5 of 6

Plaintiffs do not claim any prejudice, they only argue that the affirmative defenses have no merit. The Court finds that there would be no prejudice if amendment is allowed.

     E.     <u>Futility of Amendment</u>

The focus of Plaintiffs' objection to the proposed amendment is that the additional defenses would fail as a matter of law. From the current record, the Court cannot make this finding. Whether Plaintiffs' claims are barred in whole or in party by res judicata or collateral estoppel cannot be determined on the current record. Therefore, the only real issue at this point is whether the Defendants ought to be able to present the defenses. Because the Court cannot find that proposed amendment is futile, it should be allowed.

### III.    CONCLUSION

Given *Foman's* and *Minter's* strong policy in favor of deciding cases on the merits, the Court finds that the Motion should be granted. The Court will enter an Order granting the Motion.

                                                              Honorable David T. Thuma
                                                              United States Bankruptcy Judge

Entered on docket: March 27, 2013

Copies to:

R Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479
Attorney for Plaintiffs

Susan P Crawford
150 Washington Ave Suite 220
Santa Fe, NM 87501
Attorney for Defendants