UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

HOWARD G. BAKER and
FANNIE M. BAKER,

    Debtors.

No. 09-12997 t13

HOWARD G. BAKER and
FANNIE M. BAKER,

    Plaintiffs,

v.

Adv. No. 11-1131

THE BANK OF NEW YORK
MELLON AS TRUSTEE, and
VANDERBILT MORTGAGE AND
FINANCE, INC.,

    Defendants.

## MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants' Motion for Summary Judgment and Memorandum in Support (the "Motion"). In the Motion Defendants argue that Plaintiffs' claims are barred under principles of res judicata and/or issue preclusion, due to a prior state court foreclosure judgment. Plaintiffs timely responded to the Motion. For the reasons set forth below, the Court finds that the Motion should be denied.

    I.    <u>SUMMARY JUDGMENT STANDARDS</u>

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.[1] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("[T]he nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

---

[1] Fed.R.Civ.P. 56 applies in adversary proceedings. *See* Bankruptcy Rule 7056.

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II.    FACTS

The Court finds that the following facts are not in material dispute:

1. On August 18, 2004, JPMorgan Chase Bank, as trustee ("Chase"), filed a complaint against Plaintiffs in New Mexico's Third Judicial District Court, styled *JPMorgan Chase Bank, as Trustee, v. Fannie M. Baker and Howard G. Baker,* case no. D-307-CV-200401028 (the "State Court Foreclosure Action").

2. The State Court Foreclosure Action concerns the same promissory note and mortgage now held by Defendant Bank of New York Mellon, as Trustee ("Mellon"), and serviced by Vanderbilt Mortgage and Finance, Inc., as subservicer ("VMFI").

3. The real property and manufactured home at issue in the State Court Foreclosure Action are the same as is in this proceeding.

4. On March 7, 2005, the State Court entered a "Summary Judgment and Order for Foreclosure Sale" (the "State Court Judgment") in the State Court Foreclosure Action, a copy of which is attached to the Motion as Exhibit A-1.

5. The State Court Judgment was entered in response to a motion for summary judgment filed by Chase on February 28, 2005.

6. The docket attached to the Motion makes clear that Plaintiffs did not respond to the summary judgment motion, and that judgment was entered seven days after the motion was filed.

7. The issues determined in the State Court Judgment were never litigated. The State Court Judgment is in the nature of a default judgment

8. The State Court Judgment granted Chase a judgment on a promissory note it held in the amount of $95,664.70, together with interest on that amount at 9% accruing after February 23, 2005. The judgment also foreclosed Chase's mortgage on the subject real property and ordered the property sold at a special master's sale.

9. Plaintiffs filed a Chapter 7 bankruptcy petition on April 4, 2005, commencing case no. 05-12627-m7. A discharge was entered August 1, 2005.

10. Plaintiffs filed a Chapter 13 bankruptcy case on August 22, 2005, commencing case no. 05-16720-s13. Plaintiffs voluntarily dismissed this case February 10, 2009.

11. Plaintiffs filed a Motion for Relief from Judgment in the State Court Foreclosure Action on May 19, 2009, arguing excusable neglect and Rule 60(b)'s "catch all" provision but not arguing newly discovered evidence. The State Court denied the motion on July 9, 2009.

12. Plaintiffs filed this Chapter 13 bankruptcy case on July 10, 2009.

13. Defendants filed a proof of claim on July 27, 2009. Instead of asserting a $100,000+ claim based on the State Court Judgment, Defendants asserted a claim of $82,100.79 and attached copies of the 1997 promissory note and mortgage allegedly foreclosed by the State Court Judgment.

14. Plaintiffs objected to the proof of claim on January 28, 2010.

15. Defendants amended their proof of claim on March 2, 2010, reducing the claim amount from $82,100.79 to $80,721.04.

16. Defendants amended their claim against on June 10, 2011, reducing the claim amount from $80,721.04 to $63,956.26.

17. On June 20, 2011, Plaintiffs withdrew their objection to the proof of claim, as amended, but reserved all claims against Defendants.

## II. RES JUDICATA

Defendants argue that res judicata bars Plaintiffs claims. Res judicata bars litigation of claims that were or could have been advanced in an earlier proceeding. *Strickland v City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997), citing *State Ex. Rel Martinez v Kerr-McGee Corp.*, 120 N.M. 118, 898 P.2d 1256, 1259 (Ct. App. 1995).

"Federal courts give the same preclusive effect to state court judgments that those judgments would be given in the state court from which they emerged." *Strickland,* 130 F.3d at 1411, citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). Thus, this Court will look to what preclusive effect a New Mexico state court would give to the State Court Judgment.

Under New Mexico law, res judicata requires four elements: "(1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits." *Strickland,* citing *Myers v. Olson,* 100 N.M. 745, 676 P.2d 822, 824 (S. Ct. 1984).

Res judicata bars consideration in a subsequent suit of all matters that could properly have been raised in the prior case. *Blea v Sandoval*, 107 N.M. 554, 557, 761 P.2d 432, 435 (Ct. App. 1988) *In re: Mucci*, 488 B.R. 186, 199 (Bankr. D.N.M. 2013) (citing *Blea*).

Plaintiffs' complaint asserts the following causes of action:

1. Violation of New Mexico's Unfair Trade Practices Act ("UTPA");

2. Commission of an "Unconscionable Trade Practice" in violation of the UTPA;

3. Violation of the implied covenant of good faith and fair dealing; and

4. Intentional infliction of emotional distress.

The question is whether any or all of these claims were or "could properly have been raised in the prior case." The Court concludes that the current claims are sufficiently different in time, scope, and alignment that they are not precluded

under res judicata principles. First, neither Defendant was a party to the State Court Foreclosure Action. Plaintiffs seek only money damages, and Mellon could not be held liable under the UTPA or tort for the actions of its predecessor in interest Chase. Thus, there is no way the claims resolved by the State Court Judgment could have included Plaintiffs' current claims against Mellon.

Similarly, VMFI was not a named defendant in the State Court Foreclosure Action. There are, at a minimum, fact issues about whether VMFI's conduct prior to March 7, 2005 could be the basis of a claim. However, there is no question that VMFI's actions after March 7, 2005 could provide the factual basis for a claim that is not precluded by res judicata. The Court is not deciding at this time whether VMFI's pre-March 7, 2005 conduct could be actionable, whether considered separately or together with its post-March 7, 2005 conduct.

### III. COLLATERAL ESTOPPEL

In the *Mucci* case, Judge Jacobvitz discussed the collateral estoppel:[2]

> When applying collateral estoppel to a judgment entered by a state court, the Court must look to the law of the state in which the judgment was entered. *See, Jarrett v. Gramling,* 841 F.2d 354, 356 (10th Cir. 1988) (explaining that under the Full Faith and Credit Act, 28 U.S.C. § 1738 (1982), federal courts are required to "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered.") (citations omitted); *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999) ("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.") (citations omitted); *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1057 (9th Cir. 1994) ("in determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply the

---

[2] The term "collateral estoppel" means "issue preclusion," as opposed to res judicata or "claim preclusion."

-7-

state's law of collateral estoppel.") (citations omitted); *Crum v. Howe (In re Howe),* 2007 WL 1307913, *4 (Bankr. D.N.M. May 2, 2007) (J. McFeeley) ("In giving collateral estoppel effect to a state court judgment, the Court must apply the applicable state law standards for collateral estoppel.") (citation omitted). Under New Mexico law, the party asserting collateral estoppel must establish the following elements:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

> *Shovelin v. Central New Mexico Elec. Co–op., Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993) (citing *Silva v. State,* 106 N.M. 472, 474–76, 745 P.2d 380, 382–84 (1987). If all of these elements are present, the Court must also determine "whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Id.*

488 B.R. at 197-98. Here, collateral estoppel does not bar Plaintiffs' claims, because it is clear from the record that Plaintiffs did not "fully and fairly" litigate their claims or issues in state court. The State Court Judgment was in essence a default judgment, entered only seven days after Chase filed its motion for summary judgment. Plaintiffs did not respond to the motion, and the docket does not indicate that a hearing was ever held.

## IV. JUDICIAL ESTOPPEL

In *New Hampshire v. Maine*, 532 U.S. 742 (2001), the United States Supreme Court addressed judicial estoppel:

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary

-8-

Case 11-01131-t    Doc 49    Filed 05/14/13    Entered 05/14/13 10:29:44 Page 8 of 13

position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee,* 156 U.S. 680, 689, 15 S. Ct. 555, 39 L. Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich,* 530 U.S. 211, 227, n. 8, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000); see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

532 U.S. at 749. The Court noted several factors courts have used to determine when to apply judicial estoppel.

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." *Id.* (citation omitted). Moreover, the position to be estopped must generally be one of fact rather than of law or legal theory. *Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir.1996) Second, "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " *New Hampshire,* 532 U.S. at 750, 121 S. Ct. 1808 (citation omitted). The requirement that a previous court has accepted the prior inconsistent factual position "ensures that judicial estoppel is applied in the narrowest of circumstances." *Lowery,* 92 F.3d at 224. Third, "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

532 U.S. at 751. *See also Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (quoting *New Hampshire).*

The Court raises judicial estoppel because, even if res judicata or collateral estoppel otherwise applies to bar one or more of Plaintiffs' claims, in whole or in part, Defendants may be judicially estopped from asserting res

judicata/collateral estoppel. Defendants argue that Plaintiffs are bound by the State Court Judgment, but Defendants have clearly taken the position that they are not bound. If Defendants had believed themselves bound by the State Court Judgment, they would not have filed a proof of claim that mentions nothing about the judgment, but instead attaches copies of the 1997 note and mortgage. It is hornbook law that a promissory note and mortgage are "merged into the judgment" once a foreclosure judgment is entered. *See e.g., Huntington Natl. Bank v. Sproul*, 116 N.M. 254, 257, 861 P.2d 935, 938 (S. Ct. 1993) (citing *Bassett v. Eagle Telecommunications, Inc.,* 750 P.2d 73, 76, (Colo. App. 1987), the court held that upon entry of an Ohio court judgment on a promissory note, defendant's liability under the note ceased to exist, replaced by the new judgment liability). *See also In re Acevedo,* 2012 WL 2062399 (Bankr. D.N.M. 2012) (citing *Huntington* with approval). *See generally* Restatement (Second)-Judgments, § 18 (Judgment For Plaintiff—The General Rule of Merger:

> When a valid and final personal judgment is rendered in favor of the plaintiff:
>
> (1) The plaintiff cannot thereafter maintain an action on the original claim or any party thereof, although he may be able to maintain an action upon the judgment; and
>
> (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.

Indeed, there is a local rule in New Mexico's First Judicial District requiring holders of negotiable instruments to submit them to the court when a judgment

on the instrument is submitted. See New Mexico District Court Local Rule LR1-309.

Furthermore, if Defendants had thought themselves bound, they would not have filed three proofs of claim with amounts claimed that are between $50,000-$85,000 less than the judgment amount, plus accrued interest as of the petition date. Finally, Defendants would not have reduced the principal balance of the loan from $80,092 (the judgment amount) to $63,487.22 (in the second amended proof of claim).

Defendants asked Plaintiffs to agree to their claim in this case by ignoring the State Court Judgment. Plaintiffs did so. Defendants thereafter sought to amend their answer and assert that Plaintiffs were bound by the same State Court Judgment Defendants tacitly repudiated. At a minimum, there are disputed fact issues about whether the doctrine of judicial estoppel precludes Defendants from taking this position.

There is factual support in the record for the proposition that at some point after the State Court Judgment was entered, Defendants discovered they had miscalculated what Plaintiffs owed them, and that the miscalculation may have resulted in Chase bringing a foreclosure action when there had been no default. If this were to be proven at trial, then the Court would fully understand why Defendants decided not to adhere blindly to the State Court Judgment—in such an event it would be clear that the judgment was entered based upon the wrong information. Defendants would then be commended for their decision to alter their position based on the newly discovered evidence. There would be genuine

fact issues, however, about whether Defendants could eat their cake and have it too, i.e., ignore the State Court Judgment when it suits them, while insisting that Plaintiffs are bound by the judgment.

## IV. <u>CONCLUSION</u>

This matter is complicated, both factually and procedurally. The basic facts of the dispute are not yet before the Court. The procedural history of the dispute raises the res judicata issue, but for the reasons set forth above, the Court does not believe res judicata or collateral estoppel require summary judgment in Defendants' favor. If Plaintiffs prove the allegations they have made concerning the Defendants' servicing errors, and the discovery thereof after entry of the State Court Judgment, they may have valid claims that would not be barred by res judicata. Plaintiffs have never had their "day in court,", and they are entitled to it. The Court has no idea whether any of Plaintiffs' claims has merit, and/or what reasonable damages might be if any claim does have merit, but summary disposition is not appropriate. The Motion will be denied. A separate order will be entered.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: May 14, 2013

Copies to:

R Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479
Attorney for Plaintiffs


Susan P Crawford
150 Washington Ave Suite 220
Santa Fe, NM 87501
Attorney for Defendants