UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

HOWARD G. BAKER and
FANNIE M. BAKER,

                No. 09-12997 t13

 Debtors.

HOWARD G. BAKER and
FANNIE M. BAKER,

 Plaintiffs,

v.                  Adv. No. 11-1131

THE BANK OF NEW YORK
MELLON AS TRUSTEE, and
VANDERBILT MORTGAGE AND
FINANCE, INC.,

 Defendants.

## MEMORANDUM OPINION

This matter came before the Court on the Plaintiffs' Motion for Relief from Judgment and Memorandum Opinion Entered October 4, 2013 and Plaintiffs' Second Request for Leave to Substitute Chapter 7 Trustee as Plaintiff, filed October 18, 2013, doc. 76 (the "Motion"). The Court, having reviewed the Motion and being otherwise sufficiently advised, finds that the Motion is not well taken and should be denied.

    I.  MOTIONS FOR RECONSIDERATION

Generally, motions for reconsideration filed within 14 days of the entry of a judgment or order are governed by Fed.R.Civ.P. 59(e), as incorporated into the bankruptcy rules by Fed.R.Bankr.P. 9023. *See Buchanan v. Sherrill,* 51 F.3d 227, 230 n. 2 (10th Cir. 1995) ("No

matter how styled, we construe a post-judgment motion filed within [14] days challenging the correctness of the judgment as a motion under Rule 59(e).").

Motions for reconsideration may be granted to "'correct manifest errors of law or fact or to present newly discovered evidence under limited circumstances.'" *In re Hodes,* 239 B.R. 239, 242 (Bankr. D. Kan. 1999), *reversed in part on other grounds*, 289 B.R. 5 (D. Kan. 2003) (quoting *In re American Freight System, Inc.,* 168 B.R. 245, 246 (D. Kan. 1994)). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *In re Sunflower Racing, Inc.,* 223 B.R. 222, 223 (D. Kan. 1998).

## II. TIMELINESS OF DEFENDANTS' STANDING OBJECTION

Plaintiffs first argue that the Court improperly ruled against them on whether they owned the claims at issue because Defendants did not raise the issue until the first day of trial.[1] There are several ways to view the issue. If the matter is analyzed under Fed.R.Civ.P. 17(a), which provides that "an action must be prosecuted in the name of the real party in interest"), an objection must be asserted within a reasonable time before trial, or is waived. *See, e.g., Hefley v. Jones,* 687 F.2d 1383 (10th Cir. 1982); *Amerada Hess Corp. v. Diamond Services Corp.,* 69 F.3d 547, at *4 (10th Cir. 1995) (unpublished); *RK Co. v. See,* 622 F.3d 846, 850 (7th Cir. 2010).

On the other hand, cases dealing with debtors' attempts to assert claims not disclosed on

---

[1] Defendants' counsel mentioned in her opening argument that Plaintiffs had not listed the claims on their 2005 bankruptcy schedules. She did not move for dismissal or other relief based upon the omission. Fed.R.Civ.P. 17 was not mentioned. On the morning of the third day of trial, Plaintiffs asked that the chapter 7 trustee appointed in their 2005 case be substituted as plaintiff, while reserving their objection that the issue was not timely raised. The Court took the matter under advisement, based on Plaintiffs' representation that the evidence would not differ if the Trustee were substituted.

-2-

their bankruptcy schedules often speak of the debtor's "standing" to pursue the claims. *See, e.g., In re Drexel Burnham Lambert Group, Inc.,* 160 B.R. 508, 514 (S.D.N.Y. 1993) (debtor lacked standing to pursue omitted claims five years after his bankruptcy filing); *Tuttle v. Equifax Check Services, Inc.,* 1997 WL 835055, at *2 (D. Conn. 1997) ("Courts have held that because an unscheduled claim remains property of the bankruptcy estate, the debtor lacks standing to pursue the claims after emerging from bankruptcy, and the claims must be dismissed.") *Robinson v. Wiertel Const.,* N.Y.S.2d 59, 60 (App. Div. 1992) (to the same effect). Lack of standing to assert a claim means that the Court does not have subject matter jurisdiction over the matter. *Denver Health and Hosp. Authority v. Beverage Distributors Co., LLC,* 2013 WL 5539624, at *3 (10th Cir. 2013), *citing Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1222 (10th Cir. 2011), *cert. denied,* 132 S. Ct. 574 (2011); *Brumfiel v. U.S. Bank,* 2013 WL 5495543, at *3-4 (D. Colo. 2013) (noting that the Tenth Circuit has repeatedly characterized standing as an element of subject matter jurisdiction) (*citing Hill v. Vanderbilt Capital Advisors, LLC,* 702 F.3d 1220, 1224 (10th Cir. 2012).

The Tenth Circuit has held that subject matter jurisdiction can be raised by the Court *sua sponte* at any point in the proceedings. *General Inv. & Serv. Corp. v. Wichita Water Co.,* 236 F.2d 464, 466 (10th Cir. 1956) (noting that a court may dismiss a case on its own volition when a movant lacks standing); *1mage Software, Inc. v. Reynolds and Reynolds Co.,* 459 F.3d 1044 (10th Cir. 2006) (federal courts have an independent obligations to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party).

Furthermore, the Tenth Circuit applies the doctrine of judicial estoppel to situations such as this one, prohibiting debtors from pursuing claims they did not schedule in their prior

-3-

bankruptcy cases.  *See, e.g., Eastman v. Union Pacific R. Co.,* 493 F.3d 1151, 1157-59 (10th Cir. 2007) (debtor who did not list claim in his bankruptcy schedules was judicially estopped from pursuing the claim).  Because judicial estoppel concerns the integrity of the judicial system, independent of the interests of the parties, it may be raised by the Court *sua sponte*.  *In re Airadigm Communications, Inc.,* 616 F.3d 642, 661 (7th Cir. 2010), *citing Grigson v. Creative Artists Agency, LLC,* 210 F.3d 524, 530 (5th Cir. 2000); *Casanova v. Pre Solutions, Inc.,* 228 Fed. Appx. 837, 841 (11th Cir. 2007); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.,* 337 F.3d 314 (3d Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004).

Finally, the Court may grant a standing/judicial estoppel motion raised for the first time during trial.  *See, e.g., Brooks v. Central Irr. Supply, Inc.,* 2012 WL 6579582, at * (E.D. Mich. 2012) (based on defendant's oral motion made during trial, court dismissed action without prejudice and vacated jury verdict, because plaintiff/debtor lacked standing to bring claim).

The Court concludes that it had the authority and obligation to inquire into its subject matter jurisdiction.  In doing so, it determined that Plaintiffs lack standing to prosecute the claims at issue.  The Court also properly raised the issue of judicial estoppel, and ruled that the doctrine prevented Plaintiffs from pursuing the claims.

III. PLAINTIFFS' MOTION TO SUBSTITUTE CHAPTER 7 TRUSTEE AS PLAINTIFF

Plaintiffs next argue that the Court should have allowed Phil Montoya, the chapter 7 trustee ("Trustee") appointed in their 2005 bankruptcy case, no. 05-12627 ("Chapter 7 Case"), to be substituted as the plaintiff during the trial.  Plaintiffs made the substitution motion during trial, and the Court took the matter under advisement.  Plaintiffs now ask the Court to reconsider its decision not to allow the substitution.  They argue that Fed.R.Civ.P. 17(a)(3) requires that the

-4-

substitution motion be granted.

Courts are often skeptical of debtors who omit claims on their bankruptcy schedules and then seek to substitute bankruptcy trustees as parties when the omission is discovered by the defendant. This is particularly true "when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made." Wright, Miller & Kane, Federal Practice and Procedure, § 1555, n. 13 and accompanying text (citations omitted). For example, in *Van Sickle v. Fifth Third Bancorp,* 2012 WL 3230430 (E.D. Mich. 2012), the district court declined to allow such a substitution, explaining:

> Neither is the court required to provide Van Sickle and the Marina additional time to reopen their bankruptcy proceedings and determine whether the trustee wishes to be substituted as the real party in interest. Although, as Plaintiffs point out, Rule 17(a) (3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action," Fed.R.Civ.P. 17(a)(3), this provision is inapplicable "when the determination of the right party to bring the action was not difficult and when no excusable mistake has been made." 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 1555 (3d ed.); *see also Gardner v. State Farm Fire Ins. & Cas. Co.,* 544 F.3d 553, 563 (3d Cir. 2008); *United States ex rel. Wulff v. CMA, Inc.,* 890 F.2d 1070, 1075 (9th Cir. 1989). As discussed above, it is clearly established that the instant claims belonged to Van Sickle's and the Marina's bankruptcy estates, and the trustee is the real party in interest. [citations omitted]. Under these circumstances, further delaying dismissal under Rule 17(a)(3) is not warranted.

2012 WL 3230430, at *2. Similarly, in *Rodriguez v. Mustang Mfg. Co.*, 2008 WL 2605471, at *2-3 (E.D. Mich. 2008), the district court stated:

> Summary judgment in this case does not defy Rule 17's mandate that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed.R.Civ.P. 17(a)(3) … [C]onsideration of this case suggests that Rodriguez has been given sufficient opportunity to ensure his claim is brought by the real party in interest.

-5-

> First, Rodriguez has had [sic] already had a reasonable time to ascertain the real party in interest … [I]t has been two years since Rodriguez filed his bankruptcy petition (February 26, 2006) and obtained his bankruptcy discharge (July 25, 2006). (D.'s Mot. at 7.) Rodriguez did not list his claim as a scheduled asset in the original bankruptcy proceeding, and at no time after his discharge has he sought to reopen his bankruptcy proceeding to assert his claim. Granting Rodriguez time now to reopen or substitute the trustee as the prosecuting party would cause months of delay … Though this fact does not constitute a procedural bar to Rodriguez's case … it is unfairly prejudicial to Mustang … Given Rodriguez's failure to determine the real party in interest despite years of opportunity to do so, and the harm that an additional delay would cause Mustang, the month that has passed since Mustang's Rule 17 objection constitutes a reasonable period to amend the complaint. *See Siler v. Wal-Mart Stores, Inc.,* No. 03-00031, 2005 WL 1185805, at *4 (S.D. Ohio May 17, 2005) (concluding that Rule 17(a)(3) did not merit judicial stay to allow the plaintiff to seek reopening in bankruptcy court, as plaintiff had years after bankruptcy discharge to determine the real party in interest).
>
> Second, allowing Rodriguez the opportunity to seek a reopening and substitute the trustee as the real party in interest would contravene the purposes of Rule 17(a)(3)'s reasonable time requirement. Rule 17(a)(3) is "intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 532 (6th Cir. 2002).

2008 WL 2605471, at *3-4. *See also Feist v. Consolidated Freightways Corp.,* 100 F. Supp. 2d 273, 275 (E.D. Pa. 1999), *affirmed*, 216 F.3d 1075 (3d Cir. 2000), *cert. denied,* 532 U.S. 920 (2001) (motion to substitute denied because the court found that the debtor's failure to list the claim on his bankruptcy schedules was not done in good faith); *Auday v. Wetseal Retail, Inc.,* 2013 WL 2457717, at *8 (E.D. Tenn. 2013) (court denied debtors' motion to substitute trustee under Fed.R.Civ.P. 17(a)(3), but allowed substitution per Fed.R.Civ.P. 25, based on case law peculiar to the Sixth Circuit); *Siler v. Wal-Mart Stores Inc.,* 2005 WL 1185805 (S.D. Ohio 2005) (debtor/plaintiff's Rule 17(a)(3) motion denied when debtor waited seven years between the petition date and the date litigation was commenced).

Here, Plaintiffs had about eight years (and four bankruptcy attorneys) to discover their

-6-

standing problem and correct their failure to list the asserted claims on their 2005 bankruptcy schedules, by seeking to reopen the case and file amended schedules.

Plaintiffs' 2005 bankruptcy case was filed on the heels of the foreclosure action that gave rise to their claims. Plaintiffs testified at trial that they had asked their bankruptcy attorney to file counterclaims in the foreclosure action. As early as 2005, they indicated their intent to file suit against JP Morgan Chase. *See* Chapter 13 plan filed in case no. 05-16720 (the "First Ch. 13 Case"), doc. 3, and Amended Chapter 13 plan filed in the First Ch. 13 Case, doc. 51. Plaintiffs, acting through yet other counsel, also filed in the state court foreclosure action on May 29, 2009 a Motion for Leave to File Amended Answer and Counterclaims. The proposed counterclaim is based on the same facts as those plead in this adversary proceeding. It is therefore clear Plaintiffs knew about their claims against Defendants since before the 2005 bankruptcy case, but for some reason failed to list them on their schedules. Their various attorneys also knew about the claims, but did nothing.

Further, when Plaintiffs' counsel made his oral motion to substitute the Trustee, the Trustee had not been reappointed in the Chapter 7 Case and had no more standing than Plaintiffs. Because of that, granting Plaintiffs' motion would have required the postponement of the trial for weeks or months, until after the Trustee had been duly reappointed and his arrangements with Plaintiffs and counsel had been noticed to creditors and approved by the Court. This would have prejudiced Defendants.

Despite everything, however, the Court's ruling might have been different had Plaintiffs' lack of standing been their only problem. As set forth in the Memorandum Opinion, there are other, fatal problems with Plaintiffs' claims, namely that they are barred by the statute of

limitations, *Rooker-Feldman,* and res judicata. While Plaintiffs argue that these doctrines would not have applied to the Trustee, as he would have been a "new party" and not bound by the results of the prior state court action, the argument lacks merit. Had the Court allowed the Trustee to be substituted, he would have "stood in the shoes" of Plaintiffs for the purpose of asserting the claims at issue, and would have been subject to the same defenses. In *Mosier v. Callister, Nebeker & McCullough,* 546 F.3d 1271 (10th Cir. 2008), the Tenth Circuit stated:

> We . . . have explained that when a trustee asserts a claim under 11 U.S.C. § 541, as is the case here, the trustee stands in the shoes of the debtor and can take no greater rights than the debtor himself had." *Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir.1996) (quotations omitted).

*See also In re Vaughan Co., Realtors*, 2013 WL 960143, at *5 (Bankr. D.N.M. 2013) (noting that the trustee is "subject to the same defenses as could have been asserted by the defendant had the action been instituted by the debtor").

Given all of the facts before the Court, the decision to deny the substitution motion was, and is, reasonable.[2]

## IV. EQUITABLE TOLLING

As part of Plaintiffs' "new party" argument, Plaintiffs' assert that the Chapter 7 trustee would have had a much stronger argument for equitable tolling. Equitable tolling suspends the statute of limitations in situations where circumstances beyond a plaintiff's control prevented her from filing in a timely manner. *Slusser v. Vantage Builders, Inc.,* 306 P.3d 524, 528 (N.M. App. 2013), *citing Ocana v. American Furniture Co.,* 135 N.M. 539, 547 (2004). *See also McDaniel*

---

[2] Possibly, denying the substitution motion benefited the Trustee. He is not a party to this adversary proceeding and is not bound by claim preclusion. If he has any viable claims against Defendants that are not subject to claim preclusion, he may be able to assert them. Had the Court granted the substitution motion and then ruled against the Trustee, his claims, as well as Plaintiffs' claims, would have been barred.

-8-

*v. Denver Lending Group, Inc.,* 2009 WL 1873581, at *16 (D. Colo. 2009) (equitable tolling requires that plaintiff was diligently pursuing her rights but some extraordinary circumstances prevented her from timely filing her claim).

Clearly, in 2004 Plaintiffs had all of the facts they needed to bring their claims, and therefore could not assert equitable tolling to extend the statute of limitations. Plaintiffs have never asked the Court to toll any limitations period. Thus, Plaintiffs must be arguing that *their* failure to list the subject claims on their 2005 bankruptcy schedules would give the *Trustee* an equitable tolling argument.

A bankruptcy trustee generally can invoke equitable tolling based on the debtor's misrepresentation of assets, concealment of documents, and other wrongful conduct. *See, e.g., In re M&L Business Mach. Co., Inc.,* 75 F.3d 586, 591 (10th Cir. 1996) (case remanded so trial court can determine whether to allow trustee's equitable tolling argument in a § 546(a) fraudulent transfer action, based on debtor's wrongful concealment and misrepresentations).

Here, however, equitable tolling would create an inequitable result. Since Debtor's schedules listed only $12,700 in general unsecured claims, no priority claims, and several secured claims, the major beneficiary of equitable tolling likely would be Plaintiffs themselves. Equitable tolling, as the name implies, is an equitable doctrine. Given the facts of the case, allowing the Trustee to invoke the doctrine would reward, rather than punish, Plaintiffs' failure to make full disclosure in 2005. Moreover, allowing the new trustee to invoke the doctrine would be fruitless; *Rooker-Feldman* and res judicata would have prevented the Trustee from recovering.

## V. CONCLUSION

-9-

The Court had the right and obligation to determine Plaintiffs' standing, even though Defendants did not raise the issue before trial. The Court's decision not to allow the Trustee to be substituted as the plaintiff during trial was also proper. As the Court finds no manifest errors of law, there is no reason to grant the Motion.

IT IS ORDERED that the Motion is denied. A separate order will be entered.

_____
Hon. David T. Thuma,
United States Bankruptcy Judge

Entered on docket: October 25, 2013.

Copy to:

R Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004-1479

Susan P Crawford
150 Washington Ave Suite 220
Santa Fe, NM 87501